CLOSED,PRO SE–D,RmdSUPERct,TYPE–F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:19−cv−00990−CKK</u>

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN v. NWANERI<br>Assigned to: Judge Colleen Kollar−Kotelly<br>Case in other court:  Superior Court for the District of Columbia, 2018CA003686 B<br>Cause: 28:1441 Petition for Removal | Date Filed: 04/08/2019<br>Date Terminated: 06/03/2019<br>Jury Demand: None<br>Nature of Suit: 890 Other Statutory Actions<br>Jurisdiction: Federal Question |

**Plaintiff**

**QUINN EMANUEL URQUHART & SULLIVAN**        represented by     **Keith H. Forst**
QUINN EMANUEL URQUHART & SULLIVAN, LLP
777 6th Street NW
11th Floor
Washington, DC 20001
(202) 538−8139
Fax: (202) 538−8100
Email: <u>keithforst@quinnemanuel.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Florentina Dragulescu**
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street NW, Suite 900
Suite 900
Washington, DC 20005
(202) 385−6910
Email: <u>florentinafield@quinnemanuel.com</u>
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**NGOZIKA J. NWANERI**        represented by     **NGOZIKA J. NWANERI**
7214 Kempton Road
Lanham, MD 20706
PRO SE

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/08/2019 | <u>1</u> | | NOTICE OF REMOVAL by NGOZIKA J. NWANERI from Superior Court for DC, case number 2018CA003686 B. (Filing fee $ 400, receipt number 4616097528) filed by NGOZIKA J. NWANERI. (Attachments: # <u>1</u> Civil Cover |

| | | | |
|---|---|---|---|
| | | | Sheet)(ztd) (Entered: 04/10/2019) |
| 04/12/2019 | 2 | | Case randomly reassigned to Judge Colleen Kollar–Kotelly. Judge Tanya S. Chutkan is no longer assigned to the case. (rj) (Entered: 04/15/2019) |
| 04/22/2019 | 3 | | NOTICE to Counsel/Party (ztd) (Entered: 04/22/2019) |
| 04/23/2019 | 4 | | ORDER ESTABLISHING PROCEDURES FOR CASES ASSIGNED TO JUDGE COLLEEN KOLLAR–KOTELLY. Signed by Judge Colleen Kollar–Kotelly on 4/23/2019. (DM) (Entered: 04/23/2019) |
| 04/26/2019 | 5 | | ORDER. By no later than **MAY 6, 2019**, Defendant shall show cause why this case should not be remanded to D.C. Superior Court for failure to comply with the requirements for timely removal under 28 U.S.C. &sect 1446(b)(1). Absent such a showing, the Court shall remand this case to D.C. Superior Court. The Court DENIES Defendant's Motion for CM/ECF User Name and Password. See Order for further details. Signed by Judge Colleen Kollar–Kotelly on April 26, 2019. (lcckk1) (Entered: 04/26/2019) |
| 04/26/2019 | | | Set/Reset Deadlines: Defendant's Response to Show Cause due by 5/6/2019. (dot) (Entered: 04/26/2019) |
| 04/30/2019 | 6 | | LEAVE TO FILE DENIED– Defendant's Reply Motion to Oppose Quinn Emanuel's (QE) Reply in it's Motion for Entry of Judgment This document is unavailable as the Court denied its filing. ("Filing Denied as Premature Pending Response to Show Cause Order of April 26, 2019" ). Signed by Judge Colleen Kollar–Kotelly on 4/30/19. (ztd) (Entered: 05/02/2019) |
| 05/03/2019 | 7 | | NOTICE of Appearance by Keith H. Forst on behalf of QUINN EMANUEL URQUHART & SULLIVAN (Forst, Keith) (Entered: 05/03/2019) |
| 05/03/2019 | 8 | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by QUINN EMANUEL URQUHART & SULLIVAN (Forst, Keith) (Entered: 05/03/2019) |
| 05/06/2019 | 9 | | RESPONSE TO ORDER OF THE COURT re 5 Order, filed by NGOZIKA J. NWANERI. (ztd) (Entered: 05/08/2019) |
| 05/07/2019 | 10 | | ERRATA by NGOZIKA J. NWANERI 9 Response to Order of the Court filed by NGOZIKA J. NWANERI. (ztd) (Entered: 05/08/2019) |
| 05/08/2019 | 11 | | NOTICE of Appearance by Florentina Dragulescu on behalf of QUINN EMANUEL URQUHART & SULLIVAN (Dragulescu, Florentina) (Entered: 05/08/2019) |
| 05/08/2019 | 12 | | MOTION to Remand to State Court by QUINN EMANUEL URQUHART & SULLIVAN (Attachments: # 1 Declaration Florentina Dragulescu, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Text of Proposed Order Proposed Order)(Forst, Keith) (Entered: 05/08/2019) |
| 05/14/2019 | | | MINUTE ORDER: The Court has received Defendant's 9 Justication [sic] for Removal of Civial [sic] Action from DC Superior Court and 10 Errata thereto (collectively, "Justification"), as well as Plaintiff's 12 Motion to Remand. Defendant shall respond to Plaintiff's Motion to Remand by no later than **MAY |

| | | | |
|---|---|---|---|
| | | | **22, 2019**. Plaintiff's reply, if any, shall be submitted by **MAY 28, 2019**. Assuming that the Court decides that remand is necessary, the parties' briefing shall address whether Defendant had an "objectively reasonable basis for seeking removal" in the context of the request for costs and attorney's fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 141 (2005); *see also Knop v. Mackall*, 645 F.3d 381, 383–84 (D.C. Cir. 2011) (finding that basis for removal in that case had "at least some logical and precedential force"). The Clerk of Court shall mail a copy of this Minute Order to Defendant at his address of record. Signed by Judge Colleen Kollar–Kotelly on May 14, 2019. (lcckk1) (Entered: 05/14/2019) |
| 05/14/2019 | 13 | | LEAVE TO FILE DENIED– Plaintiff's Reply in further support of Motion to Vacate March 7 Order Granting Attorney Fees ("Leave to file Denied, as there is a pending motion to remand. This relates to pleadings in Superior Court." This document is unavailable as the Court denied its filing.. Signed by Judge Colleen Kollar–Kotelly on 5/14/19. (ztd) (Entered: 05/15/2019) |
| 05/14/2019 | | | Set/Reset Deadlines: Defendant's Response to 12 due by 5/22/2019. Plaintiff's Reply due by 5/28/2019. (dot) (Entered: 05/15/2019) |
| 05/21/2019 | 14 | | Memorandum in opposition to re 12 MOTION to Remand to State Court filed by NGOZIKA J. NWANERI. (Attachments: # 1 Exhibit 1–20)(ztd) (Entered: 05/22/2019) |
| 05/28/2019 | 15 | | REPLY to opposition to motion re 12 MOTION to Remand to State Court filed by QUINN EMANUEL URQUHART & SULLIVAN. (Attachments: # 1 Declaration F. Field, # 2 Exhibit 1)(Forst, Keith) (Entered: 05/28/2019) |
| 06/03/2019 | 16 | 5 | ORDER. The Court shall GRANT Plaintiff Quinn Emanuel Urquhart & Sullivan, LLP's Motion to Remand, and shall REMAND this matter to D.C. Superior Court. Plaintiff shall submit an accounting of its just costs and actual expenses, including attorney's fees, in D.C. Superior Court by no later than **JULY 3, 2019**, or such other time as the D.C. Superior Court judge administering the relevant proceedings may establish. The Clerk of Court shall effect the remand forthwith. See Order for further details. Signed by Judge Colleen Kollar–Kotelly on June 3, 2019. (lcckk1) (Entered: 06/03/2019) |
| 06/03/2019 | 17 | 6 | MEMORANDUM OPINION. Signed by Judge Colleen Kollar–Kotelly on June 3, 2019. (lcckk1) (Entered: 06/03/2019) |
| 06/03/2019 | | 14 | Case Remanded FORTHWITH to Superior Court re 16 Order on Motion to Remand to State Court,,. (ztd) (Entered: 06/03/2019) |
| 06/24/2019 | 18 | | LEAVE TO FILE DENIED– Motion for Remand Reconsideration submitted by Respondent. This document is unavailable as the Court denied its filing. "Leave to file Denied. Case has been remanded to DC Superior Court and is no longer in Federal Court" Signed by Judge Colleen Kollar–Kotelly on 06/24/2019. (jf) (Entered: 07/02/2019) |
| 07/08/2019 | 19 | 4 | Notice of Appeal of Transfer Order filed by Defendant forwarded to USCA. (ztd) ; ("Let this be filed" signed 7/8/19 by Judge Colleen Kollar–Kotelly) (Entered: 07/10/2019) |

3

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

*[Stamped: RECEIVED 2019 JUL -3 PM 4: 02]*

*[Handwritten: Let this be filed Judge CK Kollar-Kotelly 7/8/19]*

Plaintiff: Quinn Emanuel Urquhart & Sullivan LLP

vs.

Civil Action No. 1:19-cv-00990-CKK formerly

*[Handwritten: DC Superior Court Case #: 2018-CA-003686B]*

Defendant: Ngozika J. Nwaneri, MD  PRO SE

## CIVIL NOTICE OF APPEAL

Notice is hereby given this 3rd day of July 20 19, that

Ngozika J. Nwaneri - Pro Se Defendant

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the

judgment of this court entered on the 3rd day of June, 20 19, in

favor of Quinn Emanuel Urquhart & Sullivan LLP

against said Ngozika J. Nwaneri, MD

~~Attorney~~/Pro Se Party Signature: *[signature]*

Name: Ngozika J. Nwaneri, Pro Se

Address: 7214 Kempton Road

Lanham,

Maryland 20706

Telephone: (301) 459-6040   XO

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

USCA Form 13
Rev. June 2017

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP, <br><br> Plaintiff, <br><br> v. <br><br> NGOZIKA J. NWANERI, M.D., <br><br> Defendant. | Civil Action No. 19-990 (CKK) |

**ORDER[1]**
(June 3, 2019)

      For the reasons set forth in the accompanying Memorandum Opinion, the Court shall **GRANT** Plaintiff Quinn Emanuel Urquhart & Sullivan, LLP's Motion to Remand, and shall **REMAND** this matter to D.C. Superior Court.

      In an exercise of its discretion, the Court shall require Defendant Ngozika J. Nwaneri, M.D., to pay Plaintiff's just costs and actual expenses, including attorney's fees, that Plaintiff incurred as a result of the improper removal. Plaintiff shall submit an accounting of its just costs and actual expenses, including attorney's fees, in D.C. Superior Court by no later than **JULY 3, 2019**, or such other time as the D.C. Superior Court judge administering the relevant proceedings may establish.

      The Clerk of Court shall effect the remand forthwith as follows. The Clerk of the Court shall mail a certified copy of this Order and the accompanying Memorandum Opinion to the clerk of the D.C. Superior Court. The Clerk of the Court also shall mail a copy of this Order and the accompanying Memorandum Opinion to Defendant's address of record.

      **SO ORDERED.**

Dated: June 3, 2019

                                                              /s/
                                                         COLLEEN KOLLAR-KOTELLY
                                                         United States District Judge

---

[1] The Court has edited the case caption for consistency with the parties' latest filings, which reflect Plaintiff's full name.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP,<br><br>   Plaintiff,<br><br> v.<br><br>NGOZIKA J. NWANERI, M.D.,<br><br>   Defendant. | Civil Action No. 19-990 (CKK) |

**MEMORANDUM OPINION**[1]
(June 3, 2019)

  The Court has received Defendant Ngozika J. Nwaneri, M.D.'s justification for his removal as well as Plaintiff Quinn Emanuel Urquhart & Sullivan, LLP's motion to remand. Defendant is proceeding *pro se* in this action, as well as in the underlying case in the Superior Court of the District of Columbia. *See Quinn Emanuel Urquhart & Sullivan LLP v. Nwaneri*, No. 2018 CA 003686 B (D.C. Super. Ct.). Upon consideration of the briefing,[2] the relevant legal authorities, and the record as a whole, the Court shall **GRANT** Plaintiff's Motion to Remand, and shall **REMAND** this matter to D.C. Superior Court. For the

---

[1] The Court has edited the case caption for consistency with the parties' latest filings, which reflect Plaintiff's full name.

[2] The Court's consideration has focused on the following documents:

- "Justication [sic] for Removal of Civial [sic] Action from DC Superior Court," ECF No. 9, and Errata thereto, ECF No. 10 (collectively, "Def.'s Justification");
- Mot. to Remand and Stmt. of P&A, ECF No. 12 ("Pl.'s Mem.");
- Opp'n to Quinn Emanuel's (QE) Mot. to Remand Civil Action No. 19-990(CKK) to DC Superior Court. [sic], ECF No. 14 ("Def.'s Opp'n"); and
- Pl. Quinn Emanuel Urquhart & Sullivan, LLP's Reply in Supp. of Its Mot. to Remand, ECF No. 15 ("Pl.'s Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* Local Civil Rule 7(f).

1

trouble of litigating Defendant's improper removal, Plaintiff shall have an opportunity to submit its just costs and actual expenses, including attorney's fees, in D.C. Superior Court.

This case springs from a falling-out between a law firm (Plaintiff) and its client (Defendant) in a separate matter. Later an arbitral panel found that Defendant had not paid all of the attorney's fees and costs owed to Plaintiff for the prior representation. The panel awarded recovery to Plaintiff, which sought confirmation in D.C. Superior Court. That court confirmed the arbitral award and issued a further award of attorney's fees to Plaintiff for the confirmation proceedings. Defendant then tried to remove the case to this Court.

After Defendant filed his Notice of Removal, the Court issued its [5] Order requiring him to show cause why this case should not be remanded to D.C. Superior Court for failure to comply with the requirements for timely removal under 28 U.S.C. § 1446(b)(1). Plaintiff had filed the underlying D.C. Superior Court case on May 24, 2018, and the docket suggests service upon Defendant on May 24 or 25, 2018. Yet, Defendant did not attempt removal to this Court until April 8, 2019, long after the thirty-day time limit established by Section 1446(b)(1). Although Defendant appears to contest proper service of the Complaint, he cannot dispute that he received a copy of the Complaint, by one means or another, much more than thirty days before April 8, 2019. *See* Def.'s Justification at ECF p. 4. Accordingly, Defendant's Notice of Removal is not timely. *See* 28 U.S.C. § 1446(b)(1) (requiring, in pertinent part, the filing of notice of removal "within 30 days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" (emphasis added)).

2

The Court turns to any applicable exceptions for a tardy notice of removal. Those apply only if the case was removable when it initially was filed. *See, e.g.*, *id.* § 1446(b)(3), (c)(1); Order, ECF No. 5.[3] Defendant erroneously invokes subject-matter jurisdiction under the Federal Arbitration Act, which is clearly not a valid basis for jurisdiction. "Although the Federal Arbitration Act (FAA) constitutes federal law, 'the Supreme Court has interpreted the statute as not itself bestowing jurisdiction on the federal district courts.'" *Karsner v. Lothian*, 532 F.3d 876, 882 (D.C. Cir. 2008) (quoting *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1245-46 (D.C. Cir. 1999) (citing *Southland Corp. v. Keating*, 465 U.S. 1, 16 n.9 (1984))). And Defendant has not identified any other federal law that purportedly supports federal-question jurisdiction.

As to timeliness specifically, Defendant cites a provision of the Federal Arbitration Act providing for removal "at any time before the trial" of a case that "relates to an arbitration agreement or award falling under the Convention" on the Recognition and Enforcement of Foreign Arbitral Awards, also known as the New York Convention. Def.'s Justification at ECF pp. 2-3 (quoting 9 U.S.C. § 205) (internal quotation marks omitted); *see also TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 929, 933 (D.C. Cir. 2007) (noting that the Act implements the Convention). But, even if this portion of the Act applies, which the Court need not decide, Defendant could not rely on the Act to secure this Court's jurisdiction. As Defendant acknowledges, the Act indicates that "[t]he procedure for removal of causes otherwise provided by law shall apply." 9 U.S.C. § 205

---

[3] The Court previously remarked that the case appeared to be removable when it was initially filed in D.C. Superior Court, in which case removal now would be untimely. Order, ECF No. 5, at 2. But, as the Court shall discuss, the briefing and the Court's research make clear that the case was *not* removable when it was filed. Nor is it removable now.

3

(also articulating inapplicable exception). That procedure requires federal subject-matter jurisdiction in order to render the case originally removable. No such jurisdiction is available here, for the reasons described elsewhere in this Opinion.

Defendant also attempts to establish diversity jurisdiction, but he fails there as well. There is no dispute as to diversity of citizenship. He concedes, however, that "[t]here was no diversity jurisdiction based on the initial pleading because the actual amount in controversy was under $75,000.00." Def.'s Justification at ECF p. 3. But he argues that the award of attorney's fees to Plaintiff on March 7, 2019, for having to litigate the motion to confirm the arbitration award raised the amount in controversy above the threshold. *Id.* at ECF p. 4. Defendant's belief that this later award of fees makes a jurisdictional difference is mistaken.

In an action to confirm an arbitral award, the prevailing "demand approach" to calculating the amount in controversy evaluates only "the amount [that Plaintiff] sought in the underlying arbitration rather than the amount awarded." *Karsner*, 532 F.3d at 882-84 (citations omitted); *see also Equitas Disability Advocates, LLC v. Daley, Debofsky & Bryant, P.C.*, 177 F. Supp. 3d 197, 204 (D.D.C. 2016), *aff'd sub nom. Equitas Disability Advocates, LLC v. Feigenbaum*, 672 F. App'x 13 (Mem.) (per curiam). Plaintiff sought an arbitration award consisting of attorney's fees and costs generated during the representation of Defendant in a separate matter. Those fees and costs totaled $21,759.08. Decl. of Florentina Dragulescu in Supp. of Quinn Emanuel's Mot. to Remand, ECF No. 12-1 (Final Award, Ex. 1, at 8, 9). Because that amount does not exceed the requisite $75,000, "exclusive of interest and costs" incurred in either the arbitral proceedings or in the D.C.

4

Superior Court proceedings in this case, the amount in controversy is not satisfied. 28 U.S.C. § 1332(a).

The Court entertains one further possibility regarding the demand approach, though removal is not proper on this basis either. Plaintiff's arbitration demand also sought "attorneys' fees and costs related to bringing [that arbitration] action and pursuing payment as a result of [Defendant's] conduct, as provided in the [parties'] Agreement, in an amount to be established at the hearing." Decl. of Florentina Dragulescu in Supp. of Quinn Emanuel's Reply in Supp. of Its Mot. to Remand, ECF No. 15-1, Ex. 1 (Claimant Quinn Emanuel Urquhart & Sullivan, LLP's Demand for Arbitration, ECF No. 15-2, at 11). Plaintiff did not yet know, before the arbitration, the total value of those attorney's fees and costs. Even if, arguendo, the final value of the costs could be known then, in no instance would the costs be factored into calculation of the amount in controversy. *See* 28 U.S.C. § 1332(a) (expressly excluding costs). And the Court need not decide whether the final value of the attorney's fees for the arbitral proceedings could count towards the amount in controversy. Even assuming, arguendo, that the final value of those attorney's fees could count towards the amount in controversy—because Plaintiff generically requested attorney's fees in its arbitration demand—that total of $50,000 would be insufficient to satisfy the amount in controversy. Adding these fees to the $21,759.08 at issue would give only $71,759.08, below the $75,000 threshold under Section 1332(a).[4]

---

[4] Defendant also urges under Section 1446(c)(2) that the Court may rely on his Notice of Removal for the amount in controversy. *See* Def.'s Opp'n at 14. But Defendant has not supplied authority for his assertion that this is a case where "State practice . . . permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). Even if this is such a case, the Court does not find the other requisite prong satisfied, because the Court does *not* "find[ ], by the preponderance of the evidence, that the amount

5

The Court also rejects Defendant's argument that the Court should consider attorney's fees awarded to Plaintiff for the proceedings in D.C. Superior Court. *See, e.g.*, Def.'s Justification at ECF p. 4. Fees for state court litigation regarding confirmation of the arbitration award plainly fall outside of the demand approach, which evaluates only the amount sought during the arbitration itself.

Accordingly, the amount in controversy is not satisfied, and diversity jurisdiction fails. The Court concludes that it lacks subject-matter jurisdiction over this matter. Defendant's remaining arguments are unavailing.

Moreover, it should have been clear to Defendant that removal was not proper. Defendant has removed this case after a judge on the D.C. Superior Court confirmed an arbitration award against him and awarded attorney's fees for the proceeding. Defendant improperly urges this Court to review and/or re-do the state court proceedings. *See* Def.'s Justification at ECF p. 5 (asking this Court to, *inter alia*, "review all [of Defendant's] submissions, grant motion hearings that allow for oral arguments, evidence, testimony, and other measures that [a D.C. Superior Court judge] spelled out during [a] September 12, 2018 Hearing . . . when a roadmap was laid for a case resolution"). Defendant has not cited any authority for the notion that this federal trial court may review the proceedings of the state trial court in this matter. His efforts effectively to re-litigate in this Court proceedings before the D.C. Superior Court are therefore wholly inappropriate.

The sole issue remaining is whether Plaintiff should be allowed to recover "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

---

in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B). Rather, the amount of $71,759.08 falls short.

28 U.S.C. § 1447(c). Generally, no such costs or expenses are justified if Defendant had an "objectively reasonable basis" to notice the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 141 (2005); *see also id.* at 138 ("Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just."). The threshold for objective reasonableness is rather low: Did Defendant's grounds for removal contain "at least some logical and precedential force"? *Knop v. Mackall*, 645 F.3d 381, 383-84 (D.C. Cir. 2011). But the Court finds that even this low threshold is not satisfied, because the removal is neither logical nor supported by citation to any precedent.

In light of the resolution on the merits, already, of the underlying D.C. Superior Court proceeding,[5] Defendant's removal of this case was patently improper. There was no logical basis to believe that he could gain another bite at the apple in this Court. And despite precedent that cleanly disposes of Defendant's jurisdictional arguments, Defendant *has not cited a single case* to distinguish that case law or otherwise to justify his removal. Although Defendant's Justification cites statutory support for various of his arguments, that authority does not affect the Court's conclusion that this case was not removable when it originally was filed, and has not become removable since then. Accordingly, in an exercise of its discretion, the Court shall require Defendant to pay Plaintiff's just costs and actual expenses, including attorney's fees, that Plaintiff incurred as a result of the improper removal. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) "[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to

---

[5] After confirmation of the arbitration award, as well as the award of attorney's fees, Defendant filed various motions that were pending as of the filing of his notice of removal. None of those motions changes the Court's assessment that a court of the D.C. Superior Court has already resolved this case on the merits, subject potentially to some changes if Defendant's motions were—or, upon remand, are—granted.

7

excuse mistakes by those who proceed without counsel."). Although the Court has decided that costs and expenses are warranted, the Court shall leave a determination of that award to the state court hearing the remainder of these proceedings. *See, e.g.*, *Hodach v. Caremark RX, Inc.*, 374 F. Supp. 2d 1222, 1226 (N.D. Ga. 2005) ("find[ing] that litigating [the] case on dual tracks—the substantive issues in the Superior Court, and the ancillary costs and expenses issue in this Court—would be inefficient and would further delay the processing of the case").

For the foregoing reasons, the Court shall **GRANT** Plaintiff's Motion to Remand, and shall **REMAND** this matter to D.C. Superior Court. Plaintiff shall submit an accounting of its just costs and actual expenses, including attorney's fees, in D.C. Superior Court by no later than **JULY 3, 2019**, or such other time as the D.C. Superior Court judge administering the relevant proceedings may establish.

An appropriate Order accompanies this Memorandum Opinion.

Dated: June 3, 2019

                                                            /s/
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge

**Notice of Electronic Filing**

The following transaction was entered on 6/3/2019 at 2:37 PM and filed on 6/3/2019

**Case Name:** QUINN EMANUEL URQUHART & SULLIVAN v. NWANERI
**Case Number:** 1:19–cv–00990–CKK
**Filer:**
**WARNING: CASE CLOSED on 06/03/2019**
**Document Number:** No document attached

**Docket Text:**
 **Case Remanded FORTHWITH to Superior Court re [16] Order on Motion to Remand to State Court,,. (ztd)**


**1:19–cv–00990–CKK Notice has been electronically mailed to:**

Keith H. Forst     keithforst@quinnemanuel.com, dandreagreen@quinnemanuel.com

Florentina Dragulescu     florentinafield@quinnemanuel.com

**1:19–cv–00990–CKK Notice will be delivered by other means to::**

NGOZIKA J. NWANERI
7214 Kempton Road
Lanham, MD 20706